The document below is hereby signed.

Signed: April 25, 2011.



*S. Martin Teel, Jr.*
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DAWN MIXON, | ) | Case No. 11-00014 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

## MEMORANDUM DECISION AND ORDER

The Chapter 7 trustee has filed a motion to dismiss this case, and the grounds upon which he seeks dismissal include the failure of the debtor to submit to him a copy of the debtor's most recent tax return.

I

Under 11 U.S.C. § 521(e)(2)(A)(i), a debtor must provide:

> not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed.

In turn, § 521(e)(2)(B) provides:

> If the debtor fails to comply with clause (i) . . . of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

The debtor's initial response to the trustee's motion to dismiss (Dkt. No. 35) failed to address the debtor's alleged failure timely to provide to the trustee a copy of her most recent Federal income tax return. The court entered an order, which directed:

> that by April 19, 2011, the debtor shall file a writing showing cause why this case ought not be dismissed based on failure, prior to the first date set for the meeting of creditors, to provide to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed.

The debtor has responded by filing a copy of her Federal income tax return for the year 2009, stating: "Attached is a copy of my income tax return. I have previously forwarded it to the trustee in my case."

The debtor does not assert that she has not filed a Federal income tax return for the year 2010, but whether she did or did not will not alter the outcome. I will assume in her favor (without deciding) that as of February 3, 2011 (the date that was seven days before the meeting of creditors) the debtor had *not* filed an income tax return for the year 2010. The debtor's submission of the 2009 income tax return includes an Electronic Postmark - Certification of Electronic Filing from Turbotax showing that she e-filed her 2009 Federal income tax return in

March 2010.  Accordingly, that return had been filed well before the critical date of February 3, 2011.

II

The most reasonable interpretation of 11 U.S.C. § 521(e)(2)(A)(i) is that if, as here, no return has been filed for the last tax year preceding the commencement of the bankruptcy case (in this case, the tax year 2010), then by the deadline specified, the debtor is required to provide a copy of the return (or at the debtor's option, a transcript from the Internal Revenue Service) for the most recent year for which a return *has* been filed.  See *In Re Viola*, 2010 WL 2653320 (D. Colo. July 1, 2010); *Casey v. Perkins*, 2007 WL 1301005 (D.N.J. May 3, 2007); *In re Merrill*, 340 B.R. 671 (Bankr. D.N.H. 2006).

The words "most recent" in the phrase "most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed" in § 521(e)(2)(A)(i) would be superfluous if the provision's requirement had been intended to be limited to the tax year that last preceded the commencement of the bankruptcy case.  Congress would have been well aware that in cases like this one, a debtor's bankruptcy case may have been commenced early in the year such that no income tax return may have yet been filed, and would also have been aware that income tax returns are not filed for every year.  Accordingly, the phrase "for which a Federal income tax return

3

was filed" logically is meant to qualify the phrase "most recent tax year" so that a copy of the debtor's Federal income tax return must be furnished to the trustee for the last year for which a return was filed.  Finally, the word "immediately" in the provision does not foreclose that interpretation.  The word "immediately" has been defined in dictionaries as including the meaning "closely."  *See Webster's Third New International Dictionary of the English Language* (1981).  Accordingly, the phrase "the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed" can be read as meaning "the most recent tax year ending closely before the commencement of the case and for which a Federal income tax return was filed."  In other words, production of a tax return is required for a tax year that (in comparison to other years) is closely before the commencement of the case and for which a return was filed.  The word "immediately" simply emphasizes the words "most recent tax year" (as any earlier year is in comparison not as close).

It makes sense that Congress wanted a trustee in a bankruptcy case to have a copy of the most recently available tax return to assist in examining the debtor at the meeting of creditors.  If the return for the most recently concluded tax year preceding the commencement of the case has *not* been filed, then the return for the most recent year for which a return *has*

4

been filed is the next best thing.

*In re Wandvik*, 2009 WL 909260 at *4 (Bankr. S.D. Iowa Apr. 2, 2009), interpreted the statute differently, pointing *to Collier on Bankruptcy*, which stated:

> The statutory language is somewhat unclear. It appears to require a tax return or transcript only for the most recent year, and not to require it if no return was required or filed in that year. If it were read otherwise, to require a return or transcript for the most recent tax year in which a return was both required and filed, it could require a return or transcript from 20 or 30 years before the case, which might be impossible to obtain and obviously of no relevance to the case.

4 *Collier on Bankruptcy* ¶ 521.20 (15th ed. rev. 2008).  As *Collier* concedes, however, the statutory language is unclear. The reason *Collier* gives for limiting the statutory requirement to the last tax year preceding the commencement of the bankruptcy case is unpersuasive.  If, for example, the last return the debtor filed was filed 21 years ago, that does not produce an absurd result.  If due to the passage of time the debtor cannot produce that return and the Internal Revenue Service cannot produce a transcript, the debtor can advance that circumstance as demonstrating under § 521(e)(2)(B) that the failure to produce the return or at the debtor's election a transcript "is due to circumstances beyond the control of the debtor," namely, the unavailability of a transcript.  Accordingly, I decline to follow the interpretation advanced by *Collier* and adopted by *In re Wandvik*.

III

Accordingly, the debtor was required to provide the trustee a copy of her income tax return for 2009 by February 3, 2011. The debtor's response does not contest that the debtor failed timely to provide the trustee with a copy of the return, and does not offer any grounds to demonstrate "that the failure to so comply is due to circumstances beyond the control of the debtor." Accordingly, pursuant to § 521(e)(2)(B), the court must dismiss this case. *See Casey v. Perkins*, 2007 WL 1301005 at *2. The statute leaves no discretion in the court to rule otherwise.

IV

The trustee requests that the court dismiss the case with prejudice, presumably under 11 U.S.C. § 109(g)(1), but his motion does not specifically allege that the debtor *willfully* failed to appear before the court in proper prosecution of the case, and he does not point to any order with which the debtor willfully failed to abide.  The trustee alleges that the debtor failed to testify under oath at the meeting of creditors, but in her response to the motion to dismiss, the debtor explains that she attended the meeting of creditors but her daughter became ill such that she had to leave the meeting, and that she advised the trustee of this by telephone.  She has asked the court to reschedule the meeting of creditors, and the trustee has not opposed that request.  If the case were not being dismissed on

the basis of § 521(e)(2)(B), I would grant that request, and it would not be appropriate to find a willful failure to appear in the case when the debtor has advanced a justifiable reason for leaving the meeting of creditors and is making an effort to bring herself into compliance with her obligation to testify at a meeting of creditors.

V

An order follows dismissing this case without prejudice.

[Signed and dated above.]


Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee.